UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re
MOTORS LIQUIDATION COMPANY,
*et al.*,
f/k/a General Motors Corp., *et al.*

               Debtors.
------------------------------------------------------------x

DANA H. FOX,

               Appellant,

v.

MOTORS LIQUIDATION COMPANY
GUC TRUST,

               Appellee.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/12

Chapter 11 Case No.

09-50026 (REG)

(Jointly Administered)

<u>MEMORANDUM OPINION
AND ORDER</u>

11 Civ. 9087 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       Dana H. Fox, proceeding *pro se*, has filed an appeal from the decision of the United States Bankruptcy Court for the Southern District of New York. Because his appeal is untimely, the matter is returned to the Bankruptcy Court for resolution.

       The procedural history of this case is laid out in appellee's opposition

1

memorandum.[1] Briefly: In 2003, Fox filed a lawsuit in Florida against General Motors relating to his purchase of a vehicle. On June 1, 2009, GM filed for bankruptcy. On August 28, 2009, Fox wrote to the Bankruptcy Court asking it to lift the automatic stay in his case; on September 21, 2009, the Bankruptcy Court decided to treat Fox's correspondence as a proof of claim. On October 16, 2009, Fox filed a new proof of claim for $19,500 (which he labeled as a secured claim) and for "6 years litigation time," which he labeled as unsecured. On June 30, 2010, upon General Motors' motion, the Bankruptcy Court consolidated the two Fox claims into one, expunging the one submitted on August 28, 2009. Then, on March 9, 2011, again upon General Motors' motion, the Bankruptcy Court reclassified Fox's claim from a secured claim to a general unsecured claim.

Fox's motion was received in the Bankruptcy Court on September 12, 2011, and it seeks

> an appeal of an incorrect decision to expunge Mr. Fox Pro-se's legitimate claim against General Motors . . . . Mr. Fox, Pro-se recalls that the decision of August 12, 2010 appears to be vague and ommissive [sic] as it expunges certain cases yet brings them (the cases) forward indicating that the cases are still valid: This is the problem with overwordiness in legal proceedings where the attempt is to confuse the issue with mis-representation of what is

---

[1] Motors Liquidation Company GUC Trust's Opposition to Appellant's Motions to Proceed in Forma Pauperis and for Late Entry (Toll Statute of Limitations) ("GM Memo") at 3-7. For simplicity's sake, I refer to appellee and the affiliated debtors as "General Motors" or GM.

supposed to be intended.[2]

The Court sympathizes with Fox's sentiments – legal opinions are indeed complicated and are often difficult to understand. This is particularly true with regards to bankruptcy. As the United States Courts system advises on its website with regards to such cases: "The rules are very technical . . . hiring a competent attorney is strongly recommended."[3]

In this case, the Bankruptcy Court consolidated Fox's two claims because they were duplicative. It then reclassified the claim as unsecured. Both of these decisions were entirely appropriate. If Fox objected to either decision, he had fourteen days during which to appeal to this Court.[4] Because Fox's appeal was filed many months after those deadlines had passed, I do not have jurisdiction to consider it.[5] Deadlines for appealing decisions are important so that litigation can

---

[2] Motion to Toll the Statute of Limitations at 1.

[3] United States Courts, *Filing for Bankruptcy Without an Attorney*, http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/FilingBankruptcyWithoutAttorney.aspx.

[4] *See* Bankruptcy Rule 8002(a), which states that "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."

[5] *See Simon v. Emigrant Sav. Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005) ("the time limit contained in Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can

move forward in a timely way and so that there can be final resolutions to disputes between parties.

According to GM, Fox can still receive much of the money that he claims is owed to him by returning to the Bankruptcy Court.[6] He is encouraged to follow this procedure.

Because it is untimely, Fox's appeal is denied. The Clerk of the Court is directed to close these motions [Docket Nos. 3 and 4] and this case and return it to the Bankruptcy Court for resolution.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: March 26, 2011
New York, New York

---

demonstrate 'excusable neglect'").

[6] GM Memo at 2.

4

## - Appearances -

**For Appellant:**

Dana H. Fox
1500A Lafayette Rd., #192
Portsmouth, NH 03801

*and*

Dana H. Fox
955 Massachusetts Ave, #155
Cambridge, MA 02139

**For Appellee:**

Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8767